IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,352






EX PARTE FRANKIE RENDON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM LUBBOCK COUNTY




 

 Price, J., delivered the opinion of the court in which Keller, P.J. and Meyers,
Womack, Keasler, Hervey, Holcomb and Cochran, JJ., joined. Johnson, J., filed
a dissenting opinion. 

 

O P I N I O N


 This is a post-conviction application for writ of habeas corpus brought pursuant to
Article 11.07. (1) We filed and set this application in order to address certain aspects of the
verification requirement for post-conviction applications for writ of habeas corpus.

PROCEDURAL POSTURE

 The applicant was charged by indictment with the offense of possession of cocaine
with intent to deliver in a drug-free zone in an amount of less than four grams but at least one
gram. Pursuant to a plea bargain, the applicant pled guilty to the offense and was sentenced
to five years' imprisonment. The applicant filed a post-conviction application for writ of
habeas corpus alleging a claim of ineffective assistance of counsel predicated upon erroneous
advice about parole eligibility. The applicant alleged that he pled guilty based on trial
counsel's advice that he would be eligible for parole in twelve to eighteen months. But
because the applicant committed his offense in a drug-free zone, he is not eligible for parole
for the duration of his five-year sentence. (2) In support of his writ application, the applicant
attached four affidavits from family members stating that he pled guilty based on trial
counsel's advice that he would be eligible for parole sometime within the first two years of
his sentence. The applicant submitted his writ application on the form for post-conviction
writ applications that is specifically prescribed by this Court. Although the applicant did not
sign the writ application, his writ counsel did.

 After the State filed its response, the convicting court ordered the applicant's two trial
attorneys to file affidavits addressing the applicant's ineffective assistance of counsel claim. 
In their affidavits, the attorneys denied that they had ever advised the applicant that he would
be eligible for parole. After receiving the attorneys' affidavits, the State filed a second
response arguing that relief should be denied. The convicting court recommended that relief
be denied, finding that the applicant's trial lawyers never advised him that he would be
eligible for parole during his sentence and concluding that, in any event, any erroneous
advice about parole eligibility, assuming arguendo that there was any, would not have
rendered the guilty plea involuntary.

 We ordered that the application be filed and set for submission to address two issues: 
(1) whether Article 11.14 of the Code of Criminal Procedure requires an applicant to
personally verify an application for writ of habeas corpus presented on his behalf, especially
if he has exclusive personal knowledge regarding the allegations in the application, and (2)
whether such an application requires an applicant's signature in order to comply with Rule
73.1(d) of the Rules of Appellate Procedure. We hold that the applicant need not personally
verify a post-conviction writ application; by express statutory provision, a petitioner who is
not the applicant may verify the application, and may do so "according to [his] belief[.]" (3) 
This is so regardless of whether the applicant has exclusive personal knowledge of the facts
underlying his habeas claim or claims. (4) Nevertheless, we hold that the writ application was
not properly verified by the applicant's attorney in this case. Because this deficiency arose
from a problem with our prescribed writ application form, however, and through no fault of
the applicant or his attorney, we will dismiss this writ application without prejudice so that
the applicant can re-file the application in accordance with the instructions to follow.

ANALYSIS

Who May Verify a Post-Conviction Application for Writ of Habeas Corpus?

 Chapter 11 of the Texas Code of Criminal Procedure governs habeas corpus
proceedings. An application for writ of habeas corpus may be brought to the proper authority
for the purpose of obtaining relief by either the party for whose relief the writ is intended or
any other person for him. (5) The person who presents the application may be called the
petitioner, while the word "applicant" as it is used in Chapter 11 refers exclusively to the
person for whose relief the writ is sought. (6) The application may be signed and presented by
either the applicant or any other person on his behalf. (7) One of the requirements of a writ
application is that an "[o]ath must be made that the allegations of the petition are true,
according to the belief of the petitioner." (8) This provision applies equally whether the
petitioner is the applicant himself or some other person filing the application on his behalf,
such as his attorney.

 Rule 73.1(d) requires that verification of a post-conviction application for writ of
habeas corpus be accomplished either by (1) an oath made before a notary public or other
officer authorized to administer oaths, or (2) if the person making the application is an inmate
in the Institutional Division of the Department of Criminal Justice or in a county jail, an
unsworn declaration in substantially the form required in Texas Civil Practice and Remedies
Code Chapter 132. (9) If the applicant, as petitioner, opts to verify his application via the 
unsworn declaration, he must make the unsworn declaration in writing and declare it to be
true, according to his belief, under penalty of perjury. (10) Reading the applicable statutes and
the rule together regarding verification of applications for writ of habeas corpus, we conclude
that either the applicant, or a petitioner who is not necessarily also the applicant, may verify
a post-conviction application for writ of habeas corpus, and that either one may do so
"according to [his] belief[.]"

 Accordingly, it would have been permissible for the applicant's attorney in this case
to verify his writ application by swearing that the allegations contained therein are true and
correct according to his belief, regardless of whether personal knowledge of the veracity of
those allegations resided exclusively with the applicant himself. Unfortunately, as we will
explain, that is not what the applicant's attorney in this case did.

Defect in the Prescribed Verification Form

 The Rules of Appellate Procedure also require that an 11.07 post-conviction writ
application be made in the form prescribed by this Court. (11) That form appears as Appendix
F to the Rules. The verification portion of our form, in accordance with Rule 73.1(d), directs
the petitioner to complete either the "Oath Before a Notary Public" or the "Inmate's
Declaration" in order to verify the writ application. (12) In both of these verification sections
of the form, however, the signature line calls only for the signature of the "Applicant" in
order to properly verify the form. In drafting the form, we do not seem to have contemplated
that a "petitioner" who is not also the inmate/applicant may verify the writ application by way
of the "Oath Before a Notary Public." To be sure, there is a signature line for an attorney to
sign the verification, presumably as a petitioner-not-the-applicant. But that signature line 
is located under the section designed for the "Inmate's Declaration." Because an attorney
is not an inmate, he cannot verify the writ application by signing this particular line on the
verification form, as the applicant's attorney in the present case did. Because the applicant's
writ application was signed only by his attorney on this particular signature line on the
verification form, we conclude that it was not properly verified.

The Remedy

 The fault lies not with the applicant, or his attorney, but with our prescribed form. We
therefore dismiss the present writ application without prejudice to re-file at a later date with
a proper verification. The inmate/applicant may sign the "Oath Before a Notary Public" (and
actually do so before a notary public) to verify the writ application according to his belief. 
Alternatively, he may sign the "Inmate's Declaration" attesting to the truth of the allegations
without a notary public--again, according to his belief. Or, finally, the applicant's attorney
(or any other person, for that matter), as petitioner, may sign the "Oath Before a Notary
Public" in the presence of a notary public, attesting to the truth of the allegations according
to his belief. But the petitioner-who-is-not-the-applicant should strike the word "Applicant"
from beneath the prescribed signature line under "Oath Before a Notary Public" and
interlineate the word "Petitioner" there. Any of these three methods should serve to properly
verify the writ application.


DELIVERED: November 17, 2010

PUBLISH


(Appendix)


VERIFICATION

 (Complete EITHER the "oath before a notary public" OR the "inmate's declaration.")


OATH BEFORE NOTARY PUBLIC


STATE OF TEXAS, COUNTY OF ________________________________________________

__________, BEING FIRST DULY SWORN, UNDER OATH, SAYS: THAT HE/SHE IS THE
APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF THE ABOVE
APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS STATED IN THE
APPLICATION ARE TRUE.


 ___________________________________

 Signature of Applicant


SUBSCRIBED AND SWORN TO BEFORE ME THIS ____ DAY OF ____________________


 ___________________________________

 Signature of Notary Public



INMATE'S DECLARATION


I, __________, BEING PRESENTLY INCARCERATED IN ______ DECLARE UNDER
PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE
APPLICATION ARE TRUE AND CORRECT.


 SIGNED ON

 _________________________________________________________________________


 ___________________________________

 Signature of Applicant


 ___________________________________

 Signature of Attorney


Attorney Name: ___________________________________

SBOT Number: ___________________________________

Address: ___________________________________

 ___________________________________

 ___________________________________

Telephone: ___________________________________
1. Tex. Code Crim. Proc. art. 11.07.
2. Section 481.134 of the Texas Health and Safety Code provides for enhanced punishment if
a drug offense is committed in a drug-free zone. Tex. Health & Safety Code § 481.134. An
inmate serving a sentence for which the punishment is increased under this section is not eligible for
release on parole until his actual calendar time served, without consideration of good conduct time,
equals five years or the term to which he was sentenced, whichever is less. Tex. Gov't Code §
508.145(e).
3. Tex. Code Crim. Proc. art. 11.14(5) ("Oath must be made that the allegations of the
petition are true, according to the belief of the petitioner.").
4. On closer inspection of the record we observe that the applicant's allegations are not made
solely on the basis of his own personal knowledge. At least two of his family members claim to have
been present during the applicant's consultations with counsel during which, they claim, counsel
assured the applicant that he would be eligible for parole within eighteen months.
5. Tex. Code Crim. Proc. art. 11.12 ("Either the party for whose relief the writ is intended,
or any person for him, may present a petition to the proper authority for the purpose of obtaining
relief.").
6. Tex. Code Crim. Proc. art. 11.13 ("The word applicant, as used in this Chapter, refers to
the person for whose relief the writ is asked, though the petition may be signed and presented by any
other person.").
7. Id.
8. Tex Code Crim. Proc. art. 11.14(5).
9. Tex. R. App. P. 73.1(d).
10. Tex. Civ. Prac. & Rem. Code §§ 132.002 & 132.003. The form for an unsworn inmate
declaration that appears in Section 132.003 requires simply that the inmate "declare under penalty
of perjury that the foregoing is true and correct." It does not specify whether that assertion is based
upon personal knowledge or belief. In obvious deference to Article 11.14(5), however, we have
modified the inmate declaration as applied to post-conviction writ applications in such a way that
it still "substantially" conforms to Section 132.003, but includes the phrase "according to my belief." 
In whole, the declaration as it appears in our form application reads: "I, __________, being presently
incarcerated in __________, declare under penalty of perjury that, according to my belief, the facts
stated in the application are true and correct."
11. Tex. R. App. P. 73.1(a).
12. See Appendix to this opinion.